IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN M. GOMERY,** : | **CIVIL ACTION NO: 1:07-CV-2292** |
| : | |
| **Plaintiff** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **VERSATILE MOBILE SYSTEMS INC.,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 4th day of June, 2008, upon consideration of defendant's motion to dismiss (Doc. 2) plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6),[1] and it appearing that such a motion requires the court to "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom[] and [to] view them in the light most favorable to the plaintiff" Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005), and that the complaint as so construed must demonstrate a plausible right to relief, see Bell Atl. Corp. v. Twombly, --- U.S. at ---, 127 S. Ct. 1955, 1965 (2007), and the court concluding the instant complaint alleges the existence of two separately executed agreements, one of which is a written share purchase agreement containing an arbitration clause and the other of which is a subsequent oral agreement concerning repayment of capital contributions, and that the motion to dismiss

---

[1] Defendant's motion seeks dismissal for lack of subject matter jurisdiction or, alternatively, because the complaint fails to state a claim. Both asserted grounds invoke an arbitration clause that allegedly governs the parties' dispute. Rule 12(b)(6) provides the standard governing dismissal when the applicability of an arbitration clause is at issue. See Nationwide Ins. Co. v. Patterson, 953 F.3d 44, 45 (3d Cir. 1991); see also Palcko v. Airborne Express, Inc., 372 F.3d 588, 598 (3d Cir. 2004).

contends that the arbitration clause in the written share purchase agreement applies to the subsequent oral agreement, and the court finding that the face of the complaint reveals no such interrelationship between the two agreements, (see Doc. 1-3 ¶¶ 4-5), see also Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, --- U.S. at ---, 127 S. Ct. at 1969) (stating that courts should not dismiss a complaint if it contains "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory"), and it further appearing that defendant has attached a deposition transcript and other documents to its brief in support of the motion to dismiss, and that such material may properly be considered upon the filing of a motion to compel arbitration[2] but is not appropriate upon review of a motion to dismiss, see Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 & n.2 (3d Cir. 1994) (observing that review of a motion to dismiss must "focus[] on the pleadings" and "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case") it is hereby ORDERED that:

1. The motion to dismiss (Doc. 2) is DENIED.

2. Defendant may file on or before June 18, 2008 a motion to compel arbitration that includes, *inter alia*, the materials attached to its motion to dismiss.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge

---

[2] In the context of such a motion, the court may consider the pleadings, documents of uncontested validity, and affidavits or depositions submitted by either party. See Par-Knit Mills v. Stockbridge Fabrics Co., 636 F.2d 51, 54 & n.9 (3d Cir. 1980). quoted with approval in Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 106 (3d Cir. 2000).